[Cite as *Rising v. Litchfield Bd. of Twp. Trustees*, 2012-Ohio-2239.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ROBERT RISING, JR.

    Appellant

    v.

LITCHFIELD BOARD OF TOWNSHIP
TRUSTEES

    Appellee

C.A. No.    11CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    11CIV0064

DECISION AND JOURNAL ENTRY

Dated: May 21, 2012

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, Robert Rising Jr., appeals from a judgment of the Medina County Court of Common Pleas, which denied his motion for summary judgment and granted Defendant-Appellee, Litchfield Board of Township Trustees' ("Litchfield"), motion for summary judgment. This Court affirms in part and reverses in part.

I

{¶2} Rising's parents acquired 3933 Avon Lake Road in 1945. Rising purchased the property from his father's estate in 1980. One way for vehicles to access the Avon Lake Road property is by the driveway of 9268 Norwalk Road, which sits north of the Avon Lake property. Vehicles may also access Rising's property by a driveway off of Avon Lake Road. According to Rising's affidavit, the driveway of 9268 Norwalk Road has been continuously used by either Rising and/or his parents to access the Avon Lake Road property since 1951, when Rising was

born. It is unclear, however, from Rising's affidavit when his parents began using the Norwalk Road driveway.

{¶3} In 1999, Litchfield Township purchased the Norwalk Road property. In 2010, Litchfield barricaded the driveway, thereby preventing Rising from using it to access his Avon Lake Road property. Rising filed suit to quiet title alleging that he had acquired title to the driveway of 9268 Norwalk Road by prescriptive easement. Cross motions for summary judgment were filed. The trial court denied Rising's motion, but granted Litchfield's motion for summary judgment finding that real property owned by a township is not subject to either adverse possession or prescription. Rising now appeals and raises one assignment of error for our review.

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.

{¶4} Within his only assignment of error, Rising argues that the court committed two errors. First, Rising argues that the court erred when it granted Litchfield's motion for summary judgment. Second, Rising argues that the court erred when it denied his motion for summary judgment. We agree that the court erred by granting summary judgment in favor of Litchfield, but hold that the court properly denied Rising's motion for summary judgment.

{¶5} To prevail on a motion for summary judgment, the moving party must show:

(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and

pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). This Court reviews a trial court's decision to grant or deny a motion for summary judgment de novo. *Grafton* at 105.

{¶6} The trial court found that Rising's claim of a prescriptive easement must fail because the Norwalk Road property is owned by Litchfield, a political subdivision. *See Wyatt v. Ohio Dept. of Transp.*, 87 Ohio App.3d 1, 4 (11th Dist.1993) ("[G]enerally, adverse possession cannot be applied against the state or its political subdivisions."). The trial court, however, did not appear to consider the possibility that Rising had established a prescriptive easement before 1999, when Litchfield purchased the property.

{¶7} "A prescriptive easement occurs when one can prove that he has used the land of another (a) openly, (b) notoriously, (c) adversely to the property owner's rights, (d) continuously, and (e) for at least twenty-one years." *Wood v. Kipton*, 160 Ohio App.3d 591, 2005-Ohio-1816, ¶ 13 (9th Dist.). A landowner does not have to use the property himself for the full twenty-one years. Under certain circumstances the landowner may add on, or "tack," the number of years the land was adversely used by a predecessor in title.

> In order to tack adverse uses, it must be established that (a) the party and her predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) that the use was open, notorious, and adverse to the title holder's interest.

*Gerstenslager v. Lloyd*, 9th Dist. No. 16814, 1995 WL 66284, *3 (Feb. 15, 1995), quoting

*Hindall v. Martinez*, 69 Ohio App.3d 580, 584 (3d Dist.1990). Here, Rising and his parents are

in privity. Rising purchased the property from his father's estate. Therefore, Rising may tack

the number of years the driveway was used by his parents if he can establish that his parents used

the property in the same or similar manner and that the use was continuous, open, notorious, and

adverse. *See Gerstenslager* at *3; *Zipf v. Dalgarn*, 114 Ohio St. 291 (1926), paragraph two of

the syllabus.

{¶8}    Litchfield argues that summary judgment in its favor was proper because Rising

cannot meet all of the elements necessary to establish an easement by prescription. Specifically,

Litchfield argues that because Rising did not reside at the Avon Lake Road address for a five

year period in the 1970s, he cannot meet the continuous use for twenty-one years requirement.

However, in the 1970s the property was owned by his parents. If, as discussed above, Rising can

establish that his parents' use of the property was similar, continuous, open, notorious, and

adverse, he may tack the number of years his parents adversely used the property to reach the

required twenty-one years.

{¶9}    Litchfield further argues that it is entitled to summary judgment because

prescriptive easements cannot vest against land owned by municipalities. This argument would

only be relevant if Rising's prescriptive easement vested some time after Litchfield purchased

the property in 1999. However, if Rising's prescriptive easement vested prior to 1999, Litchfield

would have taken title subject to such easement.

> An easement by prescription arises because and when the statute of limitations
> bars an action against the one asserting such an easement. Thereafter, the owner
> of the servient parcel has no cause of action to interfere with such easement, and
> he can convey no right to assert such a cause of action to anyone, unless a right to
> do so may in effect arise by reason of recording acts or of some other statute.

*Renner v. Johnson*, 2 Ohio St.2d 195, 198 (1965).

{¶10} Litchfield failed to meet its burden for summary judgment. Because it is possible that Rising established a prescriptive easement before 1999, a genuine issue of material fact remains and, therefore, the court erred in granting Litchfield's motion for summary judgment. Rising's assignment of error as it relates to the granting of Litchfield's motion for summary judgment is sustained.

{¶11} Having concluded that a genuine issue of material fact remains, the court did not err when it denied Rising's motion for summary judgment. Rising's assignment of error as it relates to the trial court's denial of his motion for summary judgment is overruled.

III

{¶12} Rising's sole assignment of error is sustained in part and overruled in part. The judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

THEODORE J. LESIAK, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and DAVID J. FOLK, Assistant Prosecuting Attorney, for Appellee.