[Cite as *Rising v. Litchfield Twp. Bd. of Trustees*, 2015-Ohio-3091.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ROBERT R. RISING, JR.

     Appellant

     v.

LITCHFIELD BOARD OF TOWNSHIP
TRUSTEES

     Appellee

C.A. No.     14CA0022-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     11 CIV 0064

DECISION AND JOURNAL ENTRY

Dated: August 3, 2015


MOORE, Judge.

{¶1} Plaintiff-Appellant Robert R. Rising, Jr. appeals from the judgment of the Medina County Court of Common Pleas finding in favor of Defendant-Appellee Litchfield Board of Township Trustees ("Litchfield Township") on Mr. Rising's complaint. We reverse.

I.

{¶2} In 1945, Mr. Rising's parents purchased the property at 3933 Avon Lake Road ("Avon Lake Road property") in Litchfield, Ohio. Mr. Rising was born in 1951. In 1977, Mr. Rising's father took sole title to the property after the death of his wife. On March 7, 1980, Mr. Rising took title to the property from his father's estate. The Avon Lake Road property could be accessed from Avon Lake Road and from the property located immediately north of the Avon Lake Road property, 9268 Norwalk Road ("Norwalk Road property"). For as long as Mr. Rising can remember, his parents and others would utilize an approximately 16 by 40 foot section of the Norwalk Road property ("the driveway") for ingress to and egress from the Avon Lake Road

property. Later, Mr. Rising also utilized the driveway. Because the Norwalk Road property was at the corner of Avon Lake Road and Norwalk Road, the driveway could be used as a convenient cut through. However, it was not necessary to use the driveway in order to access the Avon Lake Road property.

{¶3} On December 13, 1999, Litchfield Township took ownership of the Norwalk Road property. At the time, Litchfield Township also owned some of the surrounding lots that it used for township purposes.[1] The Norwalk Road property was previously owned by Robert Kort who used it for a horse trading business. Prior to that, it was owned by the Youngs who used it for a resale store. In September 2010, Litchfield Township barricaded the driveway area impeding Mr. Rising's use of it.

{¶4} Mr. Rising filed a complaint to quiet title and for a preliminary and permanent injunction. He alleged that he had acquired title to the driveway via a prescriptive easement. The parties filed cross-motions for summary judgment. The trial court denied Mr. Rising's motion, but granted Litchfield Township's motion for summary judgment, finding that, because the driveway was owned by a township, it was not subject to either adverse possession or prescription. Mr. Rising appealed the determination, and this Court reversed the decision in part. *See Rising v. Litchfield Bd. of Twp. Trustees,* 9th Dist. Medina No. 11CA0079-M, 2012-Ohio-2239, ¶ 1, 3. In doing so, we affirmed the trial court's denial of Mr. Rising's motion for summary judgment, and reversed the trial court's grant of summary judgment to Litchfield Township. *See id.* at ¶ 10-11. We concluded that Mr. Rising and his parents were in privity; thus, Mr. Rising could "tack the number of years the driveway was used by his parents if he [could] establish that his parents used the property in the same or similar manner and that the use

---

[1] Litchfield Township has owned some of the surrounding lots since the 1800s.

was continuous, open, notorious, and adverse." *Id.* at ¶ 7. Further, we determined that, "if [Mr.] Rising's prescriptive easement vested prior to 1999, Litchfield [Township] would have taken title subject to such easement." *Id.* at ¶ 9. Accordingly, if that were the case, Litchfield Township's argument that a prescriptive easement cannot vest against land owned by a municipality would be irrelevant. *See id.*

{¶5} Upon remand, after Mr. Rising received leave to amend his complaint to correct a typographical error in the permanent parcel number and to clarify the boundaries of the alleged easement, the matter proceeded to a bench trial. The parties entered into nine stipulations of fact, many of which specified the dates of various important events, such as the date Mr. Rising's parents bought the Avon Lake Road property. The trial court ultimately found in favor of Litchfield Township, specifically concluding that, "based upon the fact that Mr. Rising was absent from the property in 1970-71 and again from 1974-1979, [Mr. Rising] has failed to show that his parent[s'] use of the subject driveway was continuous, and, therefore, the Court will not permit the years of Mr. Rising's parent[s'] use to be added to his adverse use. [Mr. Rising] has therefore failed to show continuous use of the driveway for a period of 21 years."

{¶6} Mr. Rising has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF [LITCHFIELD TOWNSHIP.]

{¶7} Mr. Rising asserts in his sole assignment of error that the trial court erred in granting judgment in favor of Litchfield Township. It appears that Mr. Rising challenges both the finding that he was "absent" from the property from 1970 to 1971 and from 1974 to 1979,

and the trial court's conclusion that the evidence could not support that the use of the driveway prior to his ownership was continuous.

**{¶8}** In determining whether a decision is against the manifest weight of the evidence, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Internal quotations and citations omitted.) *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20; *Eastley* at ¶ 17 (concluding the standard outlined in paragraph 20 should be used in civil cases).

**{¶9}** "A prescriptive easement occurs when one can prove that he has used the land of another (a) openly, (b) notoriously, (c) adversely to the property owner's rights, (d) continuously, and (e) for at least twenty-one years." *Rising,* 2012-Ohio-2239, ¶ 7, quoting *Wood v. Kipton*, 160 Ohio App.3d 591, 2005-Ohio-1816, ¶ 13 (9th Dist.). "The plaintiff must prove these elements by clear and convincing evidence." *Heiney v. Godwin,* 9th Dist. Summit No. 22552, 2005-Ohio-5659, ¶ 14. "A landowner does not have to use the property himself for the full twenty-one years. Under certain circumstances the landowner may add on, or 'tack,' the number of years the land was adversely used by a predecessor in title." *Rising* at ¶ 7. "In order to tack adverse uses, it must be established that (a) the party and her predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) that the use was open, notorious, and adverse to the title holder's interest." (Citations and quotations omitted.) *Id.*

**{¶10}** Based upon the parties' arguments at trial, the primary issues before the trial court were: whether the driveway was used for 21 years prior to 1999, and whether the use was

continuous.[2] Thus, Mr. Rising was required to demonstrate "'use that [wa]s neither interrupted by acts of the owner nor abandoned by the adverse user' throughout the 21-year period." *Queen v. Hanna,* 4th Dist. Scioto No. 11CA3447, 2012-Ohio-6291, ¶ 38, quoting *Dunn v. Ransom,* 4th Dist. Pike No. 10CA806, 2011-Ohio-4253, ¶ 99. "The acts of the prescriptive claimant do not need to be daily or constant; rather, occasional use that will fairly indicate an uninterrupted use to the true owner will suffice." *Queen* at ¶ 38, quoting *Dunn* at ¶ 99. "Abandonment of the use of the easement may destroy the necessary continuity, but temporary and reasonable breaks in the possession do not have that effect." *Queen* at ¶ 38, quoting *Dunn* at ¶ 99.

{¶11} Mr. Rising testified that his father[3] regularly used the driveway for personal use and that he had used it for as long as he could remember. He indicated that his father was on the fire department and rescue squad. At the time, the fire department operated out of a building near both the driveway and Norwalk Road. Mr. Rising's father would use the driveway to go to the fire department and back home. Additionally, other members of the fire department who lived on Avon Lake Road would use the driveway occasionally. Currently, that building is used for other township purposes.

{¶12} As a teenager, Mr. Rising used the driveway "all the time when [he] drove[.]" He stated that he and his father used the driveway mostly because it was convenient. Further, he indicated that he occasionally would use the driveway for his firewood business, which he began

---

[2] Litchfield Township also maintained that Mr. Rising could not obtain an easement against township land. However, as we noted above, we determined in the prior appeal that, "if [Mr.] Rising's prescriptive easement vested prior to 1999, Litchfield [Township] would have taken title subject to such easement." *Rising*, 2012-Ohio-2239, at ¶ 9. Accordingly, if that were the case, Litchfield Township's argument that a prescriptive easement cannot vest against land owned by a municipality would be irrelevant. *See id.*

[3] Mr. Rising testified that his mother did not drive much and likely never used the easement.

when he was 12 years old. Once in a while, he would use the driveway to deliver firewood to the Avon Lake Road property using a farm truck. Rarely, a logging truck would use the driveway when making deliveries. He also testified that customers would sometimes use the driveway after buying firewood from him. Up until 2006, he maintained that his firewood business was a "small, small business."

{¶13} Mr. Rising was not living at the Avon Lake Road property from 1970 to 1971 and from 1974 to 1979, but his parents continued to live there. Mr. Rising returned to living at the property when his father passed away in 1979. After that point, he testified that he "probably did use [the driveway] almost every day."

{¶14} From 1970 to 1971, Mr. Rising averred that he was living at Ohio University. He stated that he maintained his mailing address at the Avon Lake Road property and came home at least once a month, maybe twice. When he was home he and his father still used the driveway for ingress and egress. While he testified that he did not have a specific memory of personally using the driveway from 1970-1971, he knows that he probably did use it.

{¶15} From 1974 to 1979, Mr. Rising was living in Grafton. He returned to the Avon Lake Road property "[o]ften[,]" which he described as being at least once a week, sometimes two or three times a week. He testified that he used the driveway "all the time[]" when he was home and that he saw his father using it when he was home. He testified that he had specific memories of personally using the driveway from 1974 to 1979.

{¶16} Mr. Rising's testimony was unrebutted. There is no express indication in the trial court's judgment entry that it found his testimony not credible. In the section of the opinion labeled "Facts of the Case[,]" the trial court stated that:

> Mr. Rising testified that he lived at the [Avon Lake Road property] since birth and until he left for college at Ohio University in 1970. During this period he returned

home once or twice per month, at which time he continued to use the subject driveway. He returned home from Athens in 1971. Mr. Rising left home in 1974 through 1979 until his father's death. During this period he maintains that he visited the property often, two to three times per week, and used the easement with his parents. Mr. Rising took title to the property from his father's estate in 1980.

{¶17} Despite this statement, the trial court concluded that "Mr. Rising was absent from the property in 1970-71 and again from 1974-79," and because of that, Mr. Rising "failed to show that his parent[s'] use of the subject driveway was continuous[.]" Thus, the trial court determined that Mr. Rising could not tack his parents' use of the property and his claim for a prescriptive easement failed.

{¶18} The trial court's conclusions are somewhat unclear. The trial court could have meant that Mr. Rising was entirely absent from the Avon Lake Road property from 1970 to 1971 and again from 1974 until 1979, which would be completely unsupported by the testimony at trial. The trial court could have also meant that the nature of Mr. Rising's absence and the corresponding limited opportunities he would have had to use the driveway and view his father's use prevented the use from counting towards the continuous use requirement. If this is the case, this determination is also problematic.

{¶19} It would be unnecessary to tack the period from 1970 to 1971 in order to establish a 21-year period of continuous use prior to 1999. The period from 1972 until 1999 is well over 21 years. Thus, the only time frame at issue is 1974 to 1979. Mr. Rising's unrebutted testimony was that, during this period, he was at the Avon Lake Road property at least once a week, and sometimes he was there two to three times a week. He testified that he used the driveway "all the time[]" when he was home and that he saw his father using it when he was home. He testified that he had specific memories of personally using the driveway from 1974 to 1979.

**{¶20}** In light of the foregoing, we conclude that, assuming the trial court found this type of use to be insufficient to be continuous, it erred as a matter of law. There is no evidence that the use of the driveway was abandoned from 1974 to 1979. *See Queen*, 2012-Ohio-6291, at ¶ 38; *see also Keish v. Russell,* 4th Dist. Athens No. 94CA1618, 1995 WL 75388, *2-*3 (Feb. 17, 1995). Further, the owner of the Norwalk Road property should have been on notice of the Risings' continued use of the driveway during that time: there was evidence that Mr. Rising used the driveway "all the time[]" when he returned home, which was at least once a week and up to three times a week during that time, and there was evidence that Mr. Rising's father used the driveway during that time as well. *See Queen* at ¶ 38. We deem such use to be sufficient to meet the continuous use requirement for purposes of tacking.

**{¶21}** Thus, we conclude that the trial court erred in concluding that there was a break in use of the driveway from 1974 to 1979 that would have negated Mr. Rising's ability to tack his parents' use of the driveway to his own. While the trial court did conclude that Mr. Rising was in privity with his parents, it does not appear that the trial court considered whether Mr. Rising established by clear and convincing evidence the other elements required to tack his parents' use of the driveway with his own. As this Court is a reviewing court, and the issues involved are fact intensive and may involve credibility determinations, we are not inclined to resolve the issues in the first instance. *See, e.g., Jones v. Carrols, L.L.C.,* 9th Dist. Summit No. 27385, 2015-Ohio-2250, ¶ 12; *St. Croix, Ltd. v. Damitz,* 9th Dist. Summit Nos. 26565, 26566, 2014-Ohio-1926, ¶ 21; *Utley v. M.T. Automotive, Inc.* 9th Dist. Summit Nos. 24482, 24483, 2009-Ohio-5161, ¶ 17; *see also Keish* at *3. We therefore remand this matter to the court to consider whether the additional elements were established by clear and convincing evidence. Should the trial court find in Mr. Rising's favor on the issue of tacking, it then must consider whether Mr. Rising

presented clear and convincing evidence that his own subsequent use prior to 1999 met the elements required to establish a prescriptive easement.

**{¶22}** Mr. Rising's assignment of error is sustained to the extent that he asserts that the trial court erred in concluding that his parents' use from 1974 to 1979 was not continuous and the matter is remanded for proceedings consistent with this opinion.

III.

**{¶23}** The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THEODORE J. LESIAK, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and TOM J. KARRIS, Assistant Prosecuting Attorney, for Appellee.