[Cite as *K.L. v. D.M.*, 2016-Ohio-338.]

STATE OF OHIO  )    IN THE COURT OF APPEALS
       )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

KATIE L.         C.A. No.  15CA0010-M

  Appellee

  v.           APPEAL FROM JUDGMENT
             ENTERED IN THE
DENNIS M.        COURT OF COMMON PLEAS
             COUNTY OF MEDINA, OHIO
  Appellant       CASE No.  14DV0247

DECISION AND JOURNAL ENTRY

Dated: February 1, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, Dennis M., appeals from the order of the Medina County Court of Common Pleas, Domestic Relations Division, granting Appellee, Katie L., a Domestic Violence Civil Protection Order ("CPO") on behalf of the parties' minor son. We affirm.

I

{¶2} Ms. L. filed a petition for a CPO against Mr. M. on behalf of the parties' minor son. The court granted an ex parte protection order and set the matter for full hearing in front of the magistrate. Both parties testified at the hearing; however, neither was represented by counsel. No other witnesses testified, and no exhibits were proffered. Mr. M. did not object to any of Ms. L.'s testimony at the hearing.

{¶3} The court granted a CPO effective for five years. The court also ordered that Mr. M.'s visitation be supervised by his brother and sister-in-law. Mr. M. now appeals, raising a single assignment of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN FINDING THAT THE PARTIES' MINOR CHILD WAS A VICTIM OF DOMESTIC VIOLENCE IN NEED OF A [CPO] IN THAT THE APPELLEE FAILED TO MEET THE PREPONDERANCE OF THE EVIDENCE STANDARD.

**{¶4}** In his sole assignment of error, Mr. M. appears to argue that the trial court's judgment granting the CPO was against the manifest weight of the evidence solely because the only evidence to support the CPO was Ms. L.'s testimony, and that testimony consisted entirely of hearsay.

**{¶5}** Here, the trial court record reflects that Mr. M. did not raise a hearsay objection at the hearing before the magistrate. In fact, he did not raise any objections during the hearing. Accordingly, he has forfeited all but plain error on appeal. *See Stefano & Associates, Inc. v. Global Lending Group, Inc.*, 9th Dist. Summit No. 23799, 2008-Ohio-177, ¶ 18. In civil cases, like this one, the application of the plain error doctrine is reserved for the rarest of circumstances. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus. We will not decide if those circumstances exist here, because Mr. M. did not argue plain error in his appellate brief. This Court will not engage in an analysis of plain error if an appellant fails to argue plain error on appeal. *Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8.

**{¶6}** As Mr. M.'s argument that the judgment is against the manifest weight is based solely upon the notion that Ms. L.'s testimony was composed entirely of hearsay, and he has not preserved that argument or argued plain error on appeal, we overrule his argument on that basis.

**{¶7}** Accordingly, Mr. M.'s sole assignment of error is overruled.

III

**{¶8}** Mr. M.'s sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JUSTIN C. MILLER, Attorney at Law, for Appellant.

KATIE L., pro so, Appellee.