[Cite as *Rising v. Litchfield Twp. Bd. of Trustees*, 2016-Ohio-6971.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ROBERT R. RISING, JR.

    Appellee

    v.

LITCHFIELD BOARD OF TOWNSHP
TRUSTEES, et al.

    Appellant

C.A. No.     16CA0010-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     11CIV0064

DECISION AND JOURNAL ENTRY

Dated: September 26, 2016

MOORE, Presiding Judge.

{¶1} Defendant, Litchfield Township Board of Trustees ("Litchfield Township"), appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court set forth the relevant facts and procedural history of this case in a prior appeal as follows:

In 1945, [Robert R.] Rising's parents purchased the property at 3933 Avon Lake Road ("Avon Lake Road property") in Litchfield, Ohio. Mr. Rising was born in 1951. In 1977, Mr. Rising's father took sole title to the property after the death of his wife. On March 7, 1980, Mr. Rising took title to the property from his father's estate. The Avon Lake Road property could be accessed from Avon Lake Road and from the property located immediately north of the Avon Lake Road property, 9268 Norwalk Road ("Norwalk Road property"). For as long as Mr. Rising can remember, his parents and others would utilize an approximately 16 by 40 foot section of the Norwalk Road property ("the driveway") for ingress to and egress from the Avon Lake Road property. Later, Mr. Rising also utilized the driveway. Because the Norwalk Road property was at the corner of Avon Lake Road and Norwalk Road, the driveway could be used as a convenient cut through.

However, it was not necessary to use the driveway in order to access the Avon Lake Road property.

On December 13, 1999, Litchfield Township took ownership of the Norwalk Road property. At the time, Litchfield Township also owned some of the surrounding lots that it used for township purposes. * * * The Norwalk Road property was previously owned by Robert Kort who used it for a horse trading business. Prior to that, it was owned by the Youngs who used it for a resale store. In September 2010, Litchfield Township barricaded the driveway area impeding Mr. Rising's use of it.

Mr. Rising filed a complaint to quiet title and for a preliminary and permanent injunction. He alleged that he had acquired title to the driveway via a prescriptive easement. The parties filed cross-motions for summary judgment. The trial court denied Mr. Rising's motion, but granted Litchfield Township's motion for summary judgment, finding that, because the driveway was owned by a township, it was not subject to either adverse possession or prescription. Mr. Rising appealed the determination, and this Court reversed the decision in part. *See Rising v. Litchfield Bd. of Twp. Trustees* [("*Rising I*")], 9th Dist. Medina No. 11CA0079-M, 2012-Ohio-2239, ¶ 1, 3. In doing so, we affirmed the trial court's denial of Mr. Rising's motion for summary judgment, and reversed the trial court's grant of summary judgment to Litchfield Township. *See id.* at ¶ 10-11. We concluded that Mr. Rising and his parents were in privity; thus, Mr. Rising could "tack the number of years the driveway was used by his parents if he [could] establish that his parents used the property in the same or similar manner and that the use was continuous, open, notorious, and adverse." *Id.* at ¶ 7. Further, we determined that, "if [Mr.] Rising's prescriptive easement vested prior to 1999, Litchfield [Township] would have taken title subject to such easement." *Id.* at ¶ 9. Accordingly, if that were the case, Litchfield Township's argument that a prescriptive easement cannot vest against land owned by a municipality would be irrelevant. *See id.*

Upon remand, after Mr. Rising received leave to amend his complaint to correct a typographical error in the permanent parcel number and to clarify the boundaries of the alleged easement, the matter proceeded to a bench trial. The parties entered into nine stipulations of fact, many of which specified the dates of various important events, such as the date Mr. Rising's parents bought the Avon Lake Road property. The trial court ultimately found in favor of Litchfield Township, specifically concluding that, "based upon the fact that Mr. Rising was absent from the property in 1970-71 and again from 1974-1979, [Mr. Rising] has failed to show that his parent[s'] use of the subject driveway was continuous, and, therefore, the Court will not permit the years of Mr. Rising's parent[s'] use to be added to his adverse use. [Mr. Rising] has therefore failed to show continuous use of the driveway for a period of 21 years."

*Rising v. Litchfield Twp. Bd. of Trustees* (*"Rising II"*), 9th Dist. Medina No. 14CA0022-M, 2015-Ohio-3091, ¶ 2-5.   In *Rising II*, Mr. Rising appealed from the judgment in favor of Litchfield Township, challenging the trial court's finding that he was absent from the property from 1970 to 1971 and from 1974 to 1979 and challenging the trial court's conclusion that the evidence did not support that the use of the driveway prior to his ownership was continuous. *Id.* at ¶ 7.

{¶3}   This Court concluded that it "would be unnecessary to tack the period from 1970 to 1971 to establish a [twenty-one]-year period of continuous use prior to 1999." *Id.* at ¶ 19. With respect to the testimony at trial concerning the use of the driveway from 1974 to 1979, we noted that "Mr. Rising's unrebutted testimony was that, during this period, he was at the Avon Lake Road property at least once a week, and sometimes he was there two to three times a week. He testified that he used the driveway 'all the time[ ]' when he was home and that he saw his father using it when he was home.  He testified that he had specific memories of personally using the driveway from 1974 to 1979." *Id.* at ¶ 19.   We noted that the trial court's conclusions relative to Mr. Rising's absence and the continuous use of the Avon Lake Road property were unclear. *Id.* at ¶ 18.  We held that, if the trial court had concluded that Mr. Rising was "entirely absent from the Avon Lake Road property from * * * 1974 until 1979," such a determination "would be completely unsupported by the testimony at trial." *Id.* at ¶ 18.   However, we concluded that, if the trial court had determined that Mr. Rising's use of the property from 1974 to 1979 was "insufficient to be continuous," then it had "erred as a matter of law." *Id.* at ¶ 20.

{¶4}   Accordingly, we held that the trial court erred in finding that there was a break in the use of the driveway from 1974 to 1979 that precluded Mr. Rising from tacking his parents' use of the driveway to his own. *Id.* at ¶ 21.  We remanded the matter to the trial court to consider

whether "the additional elements" required to tack his parent's use of the driveway with his own were established by clear and convincing evidence. *Id.* We then provided that "[s]hould the trial court find in Mr. Rising's favor on the issue of tacking, it then must consider whether Mr. Rising presented clear and convincing evidence that his own subsequent use prior to 1999 met the elements required to establish a prescriptive easement." *Id.*

{¶5} On remand, the trial court found that Mr. Rising was entitled to tack his parents' use of the driveway to his own use of the driveway for purposes of determining whether there had been twenty-one years of use. It then concluded that Mr. Rising was entitled to an easement of the driveway for personal use.

{¶6} Litchfield Township appealed from the decision of the trial court in favor of Mr. Rising, and it now presents one assignment of error for our review.[1]

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF [MR. RISING.]

{¶7} In its sole assignment of error, Litchfield Township argues that the trial court erred in granting Mr. Rising an easement because (1) the trial court's determination that Mr. Rising's use of the driveway was the same as his parents' use was against the manifest weight of the evidence, (2) the trial court did not adequately define the nature of the rights to the easement afforded to Mr. Rising, and (3) the trial court could not grant Mr. Rising an easement for access to and from Norwalk Road because the driveway did not extend to Norwalk Road.

---

[1] In his Appellee's Brief, Mr. Rising moves to dismiss the appeal, arguing that this Court should not have granted Litchfield Township an extension to file its merit brief. Upon review, the motion is denied.

{¶8} "In determining whether a decision is against the manifest weight of the evidence, '[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Rising II*, 2015-Ohio-3091, at ¶ 8, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶9} "A prescriptive easement occurs when one can prove that he has used the land of another (a) openly, (b) notoriously, (c) adversely to the property owner's rights, (d) continuously, and (e) for at least twenty-one years." (Internal quotations and citations omitted.) *Rising II* at ¶ 9. "The plaintiff must prove these elements by clear and convincing evidence." (Internal quotations and citation omitted.) *Id.* "A landowner does not have to use the property himself for the full twenty-one years. Under certain circumstances the landowner may add on, or 'tack,' the number of years the land was adversely used by a predecessor in title." *Id.*, quoting *Rising I*, 2012-Ohio-2239, at ¶ 7. "In order to tack adverse uses, it must be established that (a) the party and her predecessor are in privity, (b) the property was sequentially and continuously used, (c) the property was used in the same or similar manner, and (d) that the use was open, notorious, and adverse to the title holder's interest." *Rising II* at ¶ 9, quoting *Rising I* at ¶ 7.

{¶10} Here, Litchfield Township maintains that Mr. Rising could not tack his parents' use of the property to his own because he did not use the driveway in the same or similar manner as his parents. Specifically, the Township maintains that Mr. Rising testified that he used the driveway for commercial uses relating to his firewood business, whereas his parents used the driveway only for personal use.

{¶11} At the bench trial, Mr. Rising testified that the driveway was mostly used for personal use. He acknowledged that sometimes he sells firewood, "and once in a while somebody that would buy or sell firewood would go through the driveway[,]" and he would drive through there "occasionally, but not very often" with a farm truck to bring in firewood. He also noted that "[o]ccasionally" a logging truck would use the driveway to leave his property, but it was "very rare." Mr. Rising indicated that he and his parents used the subject property for convenience to leave and enter the Avon Lake Road property by vehicle. On cross-examination, Mr. Rising indicated that his father did not have a firewood business. However, when asked if Mr. Rising mainly used this easement for his firewood business, he stated, "No. Mainly it was for personal use."

{¶12} Given Mr. Rising's testimony, we cannot say that the trial court's determination that Mr. Rising's use of the property was the same or similar to that of his parents was against the manifest weight of the evidence. Accordingly, insofar as the Township argues that the trial court erred in granting the easement because Mr. Rising's use of the easement was not similar to that of his parents, his assignment of error is overruled.

{¶13} Additionally, Litchfield Township maintains that the trial court failed to define the nature of the rights of the easement afforded to Mr. Rising, and such rights could not constitute the use of the easement as a cut-through to the highway, as the easement is not directly adjacent to the highway.

{¶14} However, the trial court's journal entry ordered that Mr. Rising is "entitled to an easement for personal use of ingress and egress to [Mr. Rising's] real property consisting of a strip of land sixteen (16) foot by thirty-nine and 96/100 (39.96) foot portion of [Litchfield Township's] property." The trial court further attached a map to the order. Accordingly, the

trial court did define the nature of the rights of the easement afforded to Mr. Rising. Litchfield Township has pointed this Court to no authority which would require a more specific delineation of Mr. Rising's rights to the easement. *See* App.R. 16(A)(7). Accordingly, to the extent that the Township argues that the trial court erred in failing to specify the nature of the rights of the easement afforded to Mr. Rising, its assignment of error is overruled.

{¶15} Further, Litchfield Township argues that Mr. Rising cannot use the driveway in the same manner as he had previously because the driveway does not extend to Norwalk Road. Instead, Litchfield Township maintains that the driveway connects the Avon Lake Road property to another property belonging to the City ("the adjacent property"), which is not subject to a prescriptive easement and not a part of this action. Accordingly, Litchfield Township argues that Mr. Rising could not use the driveway as a cut-through to the roadway because the driveway does not access a roadway.

{¶16} It is undisputed that the Township owns the adjacent property, and Mr. Rising did not seek an easement on the adjacent property. However, we can discern nowhere in the trial court proceedings where the Township argued any alleged impropriety in granting an easement on the basis that the easement does not extend to a roadway. Instead, Litchfield Township's arguments below consisted of its positions that (1) an easement could not be obtained over the driveway because the Township is a political subdivision (an argument that we addressed in *Rising I*), (2) the use of the driveway was not continuous, (an issue that we addressed in *Rising II*), and (3) Mr. Rising's use of the property was different than his parents' use of the driveway (an issue that we addressed above). Accordingly, Litchfield Township has forfeited all but plain error on appeal with respect to the argument that this easement cannot be granted for ingress and egress because it does not connect to a roadway. *K.L. v. D.M.*, 9th Dist. Medina No. 15CA0010-

M, 2016-Ohio-338, ¶ 5. The Ohio Supreme Court has held that "in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 1997-Ohio-401. However, "[w]e will not decide if those circumstances exist here, because [Litchfield Township] did not argue plain error in [its] appellate brief." *K.L.* at ¶ 5. *See also Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8 (declining to engage in an analysis of plain error where the appellant failed to argue plain error on appeal).

{¶17} Accordingly, we conclude that Litchfield Township has forfeited the argument raised in its brief challenging the propriety of granting the easement for ingress to, and egress from, the Avon Lake Road property because the easement does not extend to a roadway. To the extent this argument is raised on appeal, its assignment of error is overruled on the basis that this argument has been forfeited.

## III.

{¶18} Litchfield Township's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DEAN HOLMAN, Prosecuting Attorney, and TOM J. KARRIS, Assistant Prosecuting Attorney, for Appellant.

THEODORE J. LESIAK, Attorney at Law, for Appellee.