[Cite as *Miano v. Evans*, 2022-Ohio-1042.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| JESSICA MIANO | | C.A. No.     30026 |
|     Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACOB EVANS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellant | | CASE No.     DR 2019 10 2740 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

---

CALLAHAN, Judge.

**{¶1}** Appellant, Jacob Evans, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that determined his child support obligation. This Court affirms.

I.

**{¶2}** Mr. Evans and appellee, Jessica Miano, are the parents of J.T.M., born July 3, 2018. On September 30, 2019, the Summit County Child Support Enforcement Agency ("CSEA") entered an administrative order for child support that ordered Mr. Evans to pay $1,898.01 per month, consisting of current child support, cash medical support, and processing fees. Ms. Miano objected to the administrative support order pursuant to R.C. 3111.84 by filing an action for a child support order under R.C. 2151.231 in the Summit County Court of Common Pleas, Domestic Relations Division.

{¶3}   On August 26, 2020, a magistrate issued a decision concluding that Mr. Evans should pay $5,988.19 per month in child support effective November 14, 2019, plus cash medical support, for a total monthly obligation of $6,107.05, including processing charges.  The magistrate also concluded that Mr. Evans should pay $500 per month toward arrearages, that he should be responsible for 99% of J.T.M.'s uninsured medical expenses, and that he should be responsible for securing and maintaining health insurance coverage for J.T.M.  The trial court entered judgment contemporaneously with the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(i).  Both Ms. Miano and Mr. Evans objected to the magistrate's decision.  On May 24, 2021, the trial court overruled all of the objections, but independently determined that Mr. Evans' child support obligation should be $6,942.52 per month.

{¶4}   Mr. Evans appealed, raising three assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT A CONTINUANCE FOR AN IN PERSON EVIDENTIARY HEARING IN LIGHT OF THE COVID-19 PANDEMIC, THE [E]FFECT [MR. EVANS'] QUARANTINE HAD ON HIS ABILITY TO PREPARE FOR THE HEARING AND THE TECHNICAL ISSUES WHICH OCCURRED DURING THE ZOOM HEARING.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONTINUE THE EVIDENTIARY HEARING TO ALLOW APPROPRIATE TIME FOR DISCOVERY IN LIGHT OF THE COVID-19 PANDEMIC AND BY OTHERWISE ISSUING A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF [MS. MIANO].

{¶5}   Mr. Evans' first assignment of error argues that the magistrate abused its discretion by denying his motion to continue the hearing on Ms. Miano's complaint.  His second assignment of error argues that the magistrate erred by failing to continue the hearing in order to permit him

to take Ms. Miano's deposition and, conversely, that the magistrate erred by granting a protective order that precluded him from deposing Ms. Miano because the hearing on her complaint had commenced.

{¶6} Mr. Evans did not raise these arguments in his objections to the magistrate's decision and, therefore, he has forfeited all but plain error in connection with them. *See* Civ.R. 53(D)(3)(b)(iv); *Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880, ¶ 10. "In civil cases, * * * the application of the plain error doctrine is reserved for the rarest of circumstances." *Katie L. v. Dennis M.*, 9th Dist. Medina No. 15CA0010-M, 2016-Ohio-338, ¶ 5, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. In other words:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss* at syllabus. Mr. Evans has not presented this Court with any argument explaining how alleged error in this regard undermined the legitimacy of the judicial process. *See id*. This Court need not analyze plain error when the appellant fails to do so. *See Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8.

{¶7} Mr. Evans' first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AS A MATTER OF LAW BY RULING ON SUBSTANTIVE CHILD SUPPORT MATTERS THAT WERE NOT PROPERLY BEFORE THE COURT PURSUANT TO [MS. MIANO'S] OBJECTION TO THE ADMINISTRATIVE CHILD SUPPORT ORDER.

{¶8} In his third assignment of error, Mr. Evans argues that by considering matters beyond the specific objections that Ms. Miano articulated when she commenced her action for a child support order under R.C. 2151.231, the trial court exceeded its authority. Specifically, Mr.

Evans contends that the trial court did not have the authority to determine his income in the context of that proceeding. This Court does not agree.

{¶9} Resolution of this question turns on this Court's interpretation of R.C. 2151.231 in the context of an administrative determination of child support. When this Court interprets a statute, we must look first to the language employed by the legislature, "'and if the words be free from ambiguity and doubt, and express plainly, clearly, and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation.'" *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, ¶ 16, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. *See also Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 14 ("[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.").

{¶10} The natural father of a child owes a parental duty of support to the child. R.C. 3103.031. When paternity has been established by means of genetic testing, as provided by R.C. 3111.46(A)(1), CSEA may conduct an administrative hearing to determine child support. R.C. 3111.80(A)(1). Once an administrative order of support issues, either parent "ha[s] the right to object to the order by bringing an action for the payment of support and provision of the child's health care under section 2151.231 of the Revised Code." R.C. 3111.81(C). *See also* R.C. 3111.84.

{¶11} R.C. 2151.231, in turn, provides that a parent "may bring an action in a juvenile court or other court with jurisdiction * * * requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the

child's parents."[1]  When read in conjunction with R.C. 3111.84, therefore, R.C. 2151.231 operates in two ways: as an alternative to seeking an administrative order of support from CSEA in the first instance and as a means of challenging the decision that CSEA has made once an administrative order of support has issued.

{¶12}  The terms of R.C. 2151.231, however, make no distinction between these two functions.  Further, in both situations, R.C. 3119.02 describes the obligations incumbent upon the trial court:

> *In any action in which a court child support order is issued or modified*, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be ordered to be paid pursuant to an administrative child support order, issues a new administrative child support order, or issues a modified administrative child support order, the court or agency shall calculate the amount of the parents' child support and cash medical support in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119. of the Revised Code.  The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children.  In performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding.

(Emphasis added.)  *See generally Ledenican v. Howard*, 11th Dist. Lake No. 2010-L-103, 2011-Ohio-2330, ¶ 18-25 (considering R.C. 3119.02 in the context of an action under R.C. 2151.231).  Thus, regardless of whether a parent invokes R.C. 2151.231 in the first instance or after an administrative order issues, the trial court must "calculate the amount of the parents' child support and cash medical support in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of Chapter 3119. of the Revised Code" and must "specify the support obligation as a monthly amount due and * * * order the support obligation to be paid in

---

[1] In Summit County, jurisdiction to hear an action under R.C. 2151.231 lies in the domestic relations division of the court of common pleas.  *See* R.C. 2151.23(A)(11); R.C. 2301.03(I)(1)/(2).

periodic increments as it determines to be in the best interest of the children." R.C. 3119.02. *See also Ledenican* at ¶ 18-25 (concluding that the trial court fulfilled its obligations under R.C. 3119.02 in the context of an action pursuant to R.C. 2151.231 brought after an administrative determination). By means of contrast, this Court notes that R.C. 3119.66 and R.C. 3119.70, which describe the action that may be taken by a trial court following an administrative redetermination of child support under R.C. 3119.60 et seq., provide more specific parameters for the trial court's exercise of authority—parameters that are absent from R.C. 2151.231.

{¶13} The unambiguous language of R.C. 2151.231 does not restrict the matters that a trial court may consider in an action for the payment of child support. Consequently, although Ms. Miano chose to articulate specific objections when she instituted her action for a child support order under R.C. 2151.231, this Court cannot conclude that the trial court exceeded its authority by determining Mr. Evans' income in the context of that proceeding. Mr. Evans' third assignment of error is overruled.

III.

{¶14} Mr. Evans' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CORINNE HOOVER SIX and TAD ORVAL HOOVER, Attorneys at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.