[Cite as *A.K. v. G.K.*, 2022-Ohio-2250.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

A.K.

    Appellee

    v.

G.K.

    Appellant

C.A. No.    21CA0011-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21DV0016

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

TEODOSIO, Judge.

{¶1} G.K. appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, issuing a civil protection order. We affirm.

I.

{¶2} In January 2021, A.K. filed a petition for a civil protection order against her husband, G.K. An ex parte order was granted and a final hearing was held before the magistrate in February 2021. On February 18, 2021, the magistrate issued a decision recommending that the trial court issue a civil protection order against G.K. That same day, the trial court entered judgment adopting the decision of the magistrate and issuing a civil protection order. G.K. now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED WHEN IT MADE AN ADVERSE INFERENCE AGAINST APPELLANT BECAUSE HE PURPORTEDLY INVOKED HIS

RIGHT NOT TO TESTIFY UNDER THE 5TH AMENDMENT TO THE UNITED STATES CONSTITUTION EVEN THOUGH HE DID NOT, IN FACT, INVOKE SUCH PRIVILEGE.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT FOUND SUFFICIENT AND CREDIBLE EVIDENCE TO SUPPORT A FINDING THAT APPELLEE HAD ESTABLISHED BY A GREATER WEIGHT OF THE EVIDENCE THAT APPELLANT COMMITTED ACTS THAT CONSTITUTE DOMESTIC VIOLENCE AND THAT A CPO SHOULD ISSUE.

{¶3} Preceding any review of G.K.'s assignments of error, we first examine whether he has waived his arguments. Both parties have addressed this issue in their briefs to this Court. A.K. argues that because G.K. failed to file objections with the trial court pursuant to Civ.R. 65.1(G), he has waived his arguments. G.K. contends that the trial court failed to comply with Civ.R. 53(D)(3)(a)(iii) and that he was therefore excused from filing objections with the trial court.

{¶4} Civ.R. 53(D)(3)(a)(iii) provides:

Form; Filing, and Service of Magistrate's Decision. A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

{¶5} "Civ.R. 53(D) generally governs when a proceeding is referred to a magistrate, but Civ.R. 65.1(F) contains additional provisions when a petition for a civil protection order is referred to a magistrate. In particular, a magistrate's denial or grant of a protection order is excepted from the requirements of Civ.R. 53(D)(3)." *M.H. v. J.H*, 9th Dist. Medina No. 16CA0055-M, 2017-Ohio-8679, ¶ 7, citing 65.1(F)(2)(b)(ii) and (F)(3)(b).

**{¶6}** Civ.R. 65.1(F)(3)(d)(i) provides, in relevant part, that, "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." "While former Rule 65.1(G) provided that an order issued after a full hearing was a final, appealable order with or without the subsequent filing of objections, that Rule was amended in July 2016." *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5. Civ.R. 65.1(G) now states:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

**{¶7}** Because G.K. failed to file objections, we decline to address the merits of his assignments of error. *See J.Y. v. J.Y.*, 9th Dist. Medina No.17CA0037-M, 2018-Ohio-3522, ¶ 5. *See also V.O. v. S.C.L.,* 9th Dist. Summit No. 29773, 2021-Ohio-683, ¶ 8 ("Because [appellant] did not file objections as required by Civ.R. 65.1, this Court cannot consider the merits of his arguments on appeal."); *Florenz v. Omalley*, 2d Dist. Montgomery No. 28780, 2020-Ohio-4487, ¶ 10, ("[A] party may not challenge the protection order on appeal if objections were not filed."); *Hill v. Ferguson*, 1st Dist. Hamilton No. C-210278, 2022-Ohio-13, ¶ 12 ("[F]ailure to object as required by Civ.R. 65.1(G) waived any argument challenging the trial court's adoption of the magistrate's DVCPO.").

**{¶8}** We further note that as to the first assignment of error, G.K. argues that the trial court committed plain error in finding that he had invoked his Fifth Amendment rights, albeit citing to the inapplicable criminal standard for plain error rather than the civil standard. As the Supreme Court of Ohio has explained:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

**{¶9}** G.K. has not presented this Court with any argument explaining how the alleged error undermined the legitimacy of the judicial process. *See Miano v. Evans*, 9th Dist. Summit No. 30026, 2022-Ohio-1042, ¶ 6. *See also Tesar Industrial Contractors, Inc. v. Republic Steel*, 9th Dist. Lorain No. 16CA010957 and 16CA010960, 2018-Ohio-2089, ¶ 18, citing *Goldfuss* at syllabus. We decline to create such an argument on G.K.'s behalf as it is not the duty of this Court to develop such an argument if one exists. *Id.*, citing *Patio Enclosures, Inc. v. Four Seasons Marketing Corp.*, 9th Dist. Summit No. 22458, 2005-Ohio-4933, 2005 WL 2291916, ¶ 52.

**{¶10}** G.K.'s assignments of error are overruled.

### III.

**{¶11}** G. K.'s first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DENNIS P. LEVIN, Attorney at Law, for Appellant.

RENEE F. EUBANKS, Attorney at Law, for Appellee.