DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lawrence Armbruster, appeals the November 28, 2005 decision of the Lorain County Court of Common Pleas, which ruled that each party was responsible for paying his or her own court costs in the underlying action. This Court vacates the order.
 I. {¶ 2} Appellant and appellee, Christine Loach, were involved in a motor vehicle accident. As a result of the accident, appellant filed a claim seeking damages for permanent bodily injury, hospital and medical bills, disability, pain and suffering, loss of mobility, increased living expenses and damage to his motor vehicle. On July 26, 2005, the jury returned a general verdict in favor of appellant in the amount of $6,000. The jury allocated causation at 70% to appellee and 30% to appellant. As a result, appellant's judgment of $6,000 was reduced to $4,200.
 {¶ 3} On August 25, 2005, appellant filed an appeal which this Court dismissed for lack of a final, appealable order. On October 18, 2005, the trial court entered judgment in favor of appellant in the amount of $4,200 and ordered appellee to pay court costs. On October 28, 2005, appellee filed a motion to order plaintiff to pay court costs. On November 28, 2005, the trial court granted appellee's motion in part, allocating each party the burden of paying his or her costs, or if that could not be determined, then the parties were to share the costs equally. Appellant filed a notice of appeal on December 16, 2005, attempting to appeal both the trial court's October 18, 2005 order and the trial court's November 28, 2005 order. Appellant sets forth five assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S MOTION TO RECUSE."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING AND/OR INTERFERING WITH THE EXPERT TESTIMONY OF DOCTOR GARDNER."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING THE EVIDENCE OF APPELLANT'S CHIROPRACTIC TREATMENT AND RELATED MEDICAL BILLS."
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INSTRUCTING THE JURY ON THE ISSUE OF COMPARATIVE NEGLIGENCE, AND IN SUBMITTING TO THE JURY INTERROGATORIES ON THE ISSUE OF COMPARATIVE NEGLIGENCE; THE VERDICT THAT APPELLANT WAS THIRTY PERCENT CONTRIBUTORILY NEGLIGENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In an entry filed on February 9, 2006, this Court ruled that the instant appeal was limited to an appeal from the trial court's November 28, 2005 order. Therefore, this Court declines to address appellant's first four assignments of error as each challenges the substance of an earlier order from which no timely appeal was made.
 FIFTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CHANGING ITS ORIGINAL ASSESSMENT OF COSTS WHEN IT ASSESSED SOME OF THE COURT COSTS TO APPELLANT IN RESPONSE TO A MOTION BY THE APPELLEE."
 {¶ 5} In his fifth assignment of error, appellant argues that the trial court erred in ruling on appellee's motion to order plaintiff to pay court costs. This Court agrees.
 {¶ 6} Although not styled as such, appellee's motion to order plaintiff to pay court costs was a motion to reconsider. The trial court entered judgment in favor of appellant on October 18, 2005. Appellee filed her motion to order plaintiff to pay court costs on October 28, 2005.
 {¶ 7} In the present case, the trial court did not have jurisdiction to modify the October 18, 2005 order because a trial court does not have the inherent power to modify a final judgment. "Once an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." Metro. Bank Trust Co. v. Roth, 9th Dist No. 21174, 2003-Ohio-1138, quotingKrumheuer v. Flowers Versagi Court Reporters (Nov. 6, 1997), 8th Dist. No. 72431. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. Therefore, any judgment entered upon a motion for reconsideration after final judgment is likewise a nullity. Kauder v. Kauder (1974), 38 Ohio St.2d 265,267. Consequently, the trial court lacked jurisdiction to consider appellee's motion for reconsideration of the October 18, 2005 order assigning court costs. Appellant's fifth assignment of error is sustained.
 III. {¶ 8} This Court declines to address appellant's first four assignments of error. Appellant's fifth assignment of error is sustained. The November 28, 2005 order which granted appellee's motion for reconsideration and reallocated court costs is vacated. Accordingly, the October 18, 2005 order is reinstated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Moore, J., concur.