DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Ernest J. Salmon ("Husband"), appeals from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, that revised the property division in his divorce from Appellee, Cheryl K. Salmon, ("Wife"). This Court dismisses Husband's appeal.
 I {¶ 2} This case is before us for the second time. Husband and Wife were married on August 18, 1979, in Akron, Ohio. Wife filed an action for divorce on August 19, 2003. Husband filed an answer and counterclaim for divorce on September 3, 2003. The matter proceeded to trial on September 15, 2004. The *Page 2 
trial court granted the divorce and issued an initial divorce decree on May 17, 2005. Wife appealed the division of property and spousal support awards of the initial decree to this Court on June 15, 2005. This Court sustained Wife's assignments of error and remanded the cause back to the trial court. Salmon v. Salmon, 9th Dist. No. 22745, 2006-Ohio-1557
("Salmon I ").
 {¶ 3} In response to our decision in Salmon I, Husband appealed to the Supreme Court of Ohio on May 15, 2006, but the Court declined to review the merits of his case. See Salmon v. Salmon, 110 Ohio St.3d 1465,2006-Ohio-4288. On April 23, 2007, Husband filed a request with the Summit County Domestic Relations Court for a new trial. In a November 15, 2007 journal entry, the court denied Husband's request and issued a revised divorce decree pursuant to our findings in Salmon I.
 {¶ 4} On December 7, 2007, Husband timely filed a notice of appeal raising two assignments of error for our review. For ease in analysis, we combine the assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT'S APPLICATION OF AN ERRONEOUS RULING IN SALMON V. SALMON, 2006-OHIO-1557, ACHIEVES MANIFESTLY UNJUST RESULTS WHICH WARRANT A RE-EXAMINATION OF THE LAW OF THIS CASE."
 Assignment of Error Number Two *Page 3 "ASSUMING THAT A REMAND IS NOT WARRANTED, THE TRIAL COURT ABUSED ITS DISCRETION BY IGNORING STIPULATED EVIDENCE IN ITS VALUATION AND DISTRIBUTION OF THE PARTIES' SURVIVORSHIP BENEFIT."
 {¶ 5} In his first assignment of error, Husband alleges that the trial court's application of this Court's order to the disposition of the survivorship benefit of Husband's pension warrants a re-examination of the law of the case because it achieves manifestly unjust results. In his second assignment of error, Husband alleges that if this cause is not remanded, then the trial court abused its discretion in its valuation and distribution of the pension's survivorship benefit. We decline to consider the merits of either of these claims because the order from which Husband has appealed is not a final appealable order.
 {¶ 6} Civ.R. 75 provides, in part, that a court shall not enter final judgment in a claim for a divorce unless the issues of property division have been finally determined. In the present case, we have reviewed the November 15, 2007 journal entry and find that the trial court did not account for and dispose of all the parties' property. Specifically, the revised divorce decree disposed of only the $152,242.65 excess survivorship portion of the total $210,523.48 survivorship pension benefit. However, the revised decree makes no mention of the $58,280.83 portion of the survivorship benefit that accrued during the marriage. The revised decree does not include the $58,280.83 in the accounting of assets and does not *Page 4 
specify a disposition for this property.[1] Therefore, because the trial court order did not dispose of all property, it is not a final appealable order. As such, we do not reach the merits of Husband's claims.
 {¶ 7} By not disposing of all the parties' property, the November 15, 2007 revised divorce decree was not a final appealable order. Therefore, this Court lacks jurisdiction to consider Husband's alleged errors. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. CONCURS
[1] We note that the May 17, 2005 divorce decree is similarly defective. *Page 5