[Cite as *Wallace v. Wallace*, 2016-Ohio-630.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| RONALD WALLACE | C.A. No. 15CA010736 |
| --- | --- |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KAREN WALLACE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 14DR078069 |

DECISION AND JOURNAL ENTRY

Dated: February 22, 2016

HENSAL, Judge.

{¶1}   Ronald Wallace has attempted to appeal a judgment entry decree of divorce of the Lorain County Court of Common Pleas, Domestic Relations Division.   For the following reasons, we dismiss the appeal.

I.

{¶2}   Ronald and Karen Wallace married in 2009, but soon after began living apart from each other.   In 2014, Husband filed for divorce.   At trial, the parties disagreed about a line of credit which Husband obtained on a house that Wife owned before the marriage.   Wife eventually sold the house to avoid foreclosure.   The trial court granted the parties a divorce on the ground of incompatibility and ordered Husband to pay Wife $28,864 to equalize the property distribution.   Husband has appealed, assigning four errors.

JURISDICTION

{¶3}   As a preliminary matter, we must determine whether we have jurisdiction over this appeal.  Revised Code Section 3105.171(B) provides in part that, "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property.  In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section."  Civil Rule 75(F)(1), meanwhile, provides that "[f]or purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce * * * unless * * * [t]he judgment also divides the property of the parties * * *."  The Court has held that a divorce decree that leaves issues unresolved is not a final order.  *Baker v. Baker*, 9th Dist. Lorain No. 09CA009603, 2009-Ohio-6906, ¶ 6.  In particular, the trial court must dispose of "all property" of the parties.  *Salmon v. Salmon*, 9th Dist. Summit No. 23998, 2008-Ohio-2313, ¶ 6.

{¶4}   On cross-examination, Husband testified that he owned a lot in Indiana at the time of the marriage.  He said that he still owns the lot, but claimed that it has a mortgage on it that is approximately equal to its value.  Wife did not dispute the existence of Husband's property in Indiana.  The trial court, however, did not acknowledge the property in its decree, let alone determine whether it is marital or separate property and award it to one of the parties.  Husband also notes that Wife's paystub indicates that she has made contributions to a retirement plan, which the trial court did not address in its decree.

{¶5}   In *Baker*, this Court determined that a decree that failed to make a distributive award of the parties' tractor, boat, and trailer did not comport with Rule 75(F).  *Baker* at ¶ 7-8.  We, therefore, dismissed the appeal.  *Id*. at ¶ 8.  In *Salmon*, we dismissed the appeal because the trial court did not dispose of part of a survivorship pension benefit.  *Salmon* at ¶ 6-7.  In

*Wohleber v. Wohleber*, 9th Dist. Lorain No. 06CA009018, 2007-Ohio-3964, we dismissed an appeal from a judgment entry that did not account for the parties' joint checking account "[n]otwithstanding the detailed findings and orders set out in the 23-page judgment entry of divorce[.]" *Id*. at ¶ 8, 10.

**{¶6}** In light of this Court's precedent, we conclude that the decree does not comport with Civil Rule 75(F)(1) because it does not divide all of the parties' property. It, therefore, is not final and appealable, and this appeal must be dismissed for lack of jurisdiction.

III.

**{¶7}** This Court lacks jurisdiction over the appeal. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

LESLIE A. GENTILE, Attorney at Law, for Appellant.

JOHN S. HAYNES, Attorney at Law, for Appellee.