[Cite as *Schmitt v. Ward*, 2018-Ohio-4401.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

MELISSA SCHMITT

    Appellee

    v.

SHAINE WARD

    Appellant

C.A. Nos.     28877
                28910

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2007 07 2217

DECISION AND JOURNAL ENTRY

Dated: October 31, 2018

---

CALLAHAN, Judge.

{¶1} Appellant, Shaine Ward, appeals the trial court's orders that denied his motion to vacate a previous judgment and found him in contempt. This Court does not have jurisdiction to consider the merits of this appeal with respect to his motion to vacate, and that appeal (C.A. No. 28877) is dismissed. With respect to Mr. Ward's challenge to the trial court's order that found him in contempt, this Court affirms (C.A. No. 28910).

I.

{¶2} Shaine Ward and Melissa Schmitt married in 2005. They have continuously litigated their divorce since 2007, resulting in numerous appeals and attempted appeals to this Court. In 2012, this Court considered the merits of the parties' divorce decree for the first time. *Ward v. Ward*, 9th Dist. Summit No. 26372, 2012-Ohio-5658. In that opinion, this Court reversed the trial court's judgment, concluding that issues related to parental rights had not been unambiguously determined by the trial court and that the trial court erred by deciding that the

parties' marriage commenced before the ceremonial date of marriage. *Id.* at ¶ 22, 28. In 2014, the parties reached an agreement regarding certain property matters that were still at issue as a result of the appeal, leaving only parental rights and child support to be litigated. On December 31, 2014, the trial court adopted a shared parenting plan. On April 17, 2015, the trial court journalized an order that resolved all of the issues within the scope of this Court's remand. Mr. Ward appealed, and this Court affirmed the trial court's judgment. *Schmitt v. Ward*, 9th Dist. Summit No. 27805, 2016-Ohio-5693.

{¶3} On June 19, 2017, Mr. Ward filed a motion to vacate the trial court's April 17, 2015, judgment, arguing that the trial court made a legal error in its computation of child support because it failed to utilize a child support worksheet. On November 1, 2017, the trial court denied Mr. Ward's motion to vacate. On December 1, 2017, the trial court issued another order that reiterated that Mr. Ward's motion to vacate was denied, resolved various outstanding motions, and found Mr. Ward in contempt with respect to four separate obligations under previous court orders. Mr. Ward appealed both orders, and this Court consolidated his appeals. He has assigned five errors related to the trial court's denial of his motion to vacate in the November 1, 2017, order. A single assignment of error challenges the basis for one of the trial court's contempt findings in the December 1, 2017, order.

II.

**C.A. No. 28877**

{¶4} This Court is obligated to raise matters related to our jurisdiction sua sponte. *See The Whitaker-Merrell Co. v. Carl M. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final appealable order, this Court

must dismiss the appeal. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 Ohio App. LEXIS 176, *1 (Jan. 26, 2000). Under R.C. 2505.02(B)(2), an order is final and appealable if it affects a substantial right and is made in a special proceeding. A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Divorce is a special proceeding. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994).

{¶5} Trial courts do not have inherent authority to modify final judgments. *Cale Prods., Inc. v. Orrville Bronze & Aluminum Co.*, 8 Ohio App. 3d 375, 378-379 (9th Dist.1982). Consequently, because "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court[,]" such motions are a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981), paragraph one of the syllabus. Any order in response to a motion for reconsideration is also a nullity. *Armbruster v. Loach*, 9th Dist. Lorain No. 05CA008851, 2006-Ohio-5049, ¶ 7, citing *Kauder v. Kauder*, 38 Ohio St.2d 265, 267 (1974). This Court does not have jurisdiction to consider the merits of appeals from orders that grant or deny a motion for reconsideration. *See Bozsik v. Burkhart*, 9th Dist. Wayne No. 04CA0072, 2005-Ohio-3794, ¶ 14. *See also Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.*, 46 Ohio St.3d 12, 17 (1989) (Douglas, J., concurring) ("[S]ince a motion for reconsideration is not recognized and, in any event, does not meet any of the prongs of R.C. 2505.02, a denial of such a motion does not present a final appealable order.").

{¶6} Although not captioned as such, Mr. Ward's motion was a motion for reconsideration: he argued that the trial court wrongly decided the matters before it in the April 17, 2015, journal entry and urged the court to correct its own alleged error. *Compare*

*Armbruster* at ¶ 6. Nonetheless, Mr. Ward maintains that the trial court's judgment was void and, consequently, that his motion to vacate was a permissible common law motion. *See generally In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19 (A party may challenge a judgment through a common law motion to vacate on the grounds that the judgment is void.). The basis for Mr. Ward's motion, however—that the trial court failed to base its determination of child support on the child support worksheet—renders a judgment voidable, not void. *See Marker v. Grimm*, 65 Ohio St.3d 139, 142-143 (1992) (concluding that a trial court's failure to "use or even consult" a child support worksheet "constitutes reversible error.").

{¶7} The trial court's November 1, 2017, order that denied Mr. Ward's motion was, therefore, a nullity, and it did not affect a substantial right as required by R.C. 2505.02(B)(2). This Court does not have jurisdiction to consider Mr. Ward's appeal with respect to his first, second, third, fourth, and fifth assignments of error, and C.A. No. 28877 is dismissed.

## C.A. No. 28910

### ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT * * * ERRED TO THE PREJUDICE OF THE APPELLANT WHEN [THE TRIAL COURT] FAILED TO SET OFF THE MONIES OWED BY THE APPELLANT TO THE APPELLEE IN THE AMOUNT OF $2,428.69 AGAINST THE $6,000 THAT THE APPELLANT HAD PAID TO DR. TENOR FOR HER REPORT IN THIS MATTER[,] THE COURT HAVING INITIALLY INDICATED THAT IT WOULD ASSESS THE APPORTIONMENT OF THE TOTAL COSTS BETWEEN THE PARTIES AT A LATER DATE.

{¶8} Mr. Ward's only remaining assignment of error argues that the trial court erred by failing to offset money that he owed to Ms. Schmitt as part of the property division against funds that he paid for a family assessment.

{¶9} Mr. Ward has not provided this Court with any references to the specific portions of the record necessary to review this assignment of error or to any law that supports his

argument. *See* App.R. 16(A)(7); Loc.R. 7(B)(7). Nonetheless, this Court concludes that Mr. Ward did not preserve this alleged error for review.

{¶10} In the April 17, 2015, judgment, the trial court ordered Mr. Ward to pay $2,428.69 to Ms. Schmitt within sixty days. The April 17, 2015, judgment does not reference any money that Mr. Ward paid for a family assessment, nor does it indicate any intention on the part of the trial court to offset Mr. Ward's obligation to Ms. Schmitt against any other amount. During a motion hearing conducted on November 28, 2017, during which the trial court considered several instances of alleged contempt on the part of Mr. Ward, the trial court determined that Mr. Ward had not paid Ms. Schmitt the $2,428.69 required by the April 17, 2015, judgment. The trial court concluded that Mr. Ward was in contempt of that judgment, and after that finding, Mr. Ward's attorney requested the trial court "to hold that in abeyance" until another motion hearing was conducted. Counsel noted that $6,000 had been advanced to Dr. Tenor, but did not offer any further argument. The trial court observed that "[t]hat is a separate matter" and proceeded to the next issue at the hearing. The trial court did not represent that it would "assess the apportionment of the total costs between the parties at a later date," nor, as Mr. Ward suggests, did he argue that it should do so. Mr. Ward has, therefore, forfeited all but plain error in connection with this assignment of error. *See Rising v. Litchfield Bd. of Twp. Trustees*, 9th Dist. Medina No. 16CA0010-M, 2016-Ohio-6971, ¶ 16, citing *Katie L. v. Dennis M.*, 9th Dist. Medina No. 15CA0010-M, 2016-Ohio-338, ¶ 5. "In civil cases, like this one, the application of the plain error doctrine is reserved for the rarest of circumstances." *Katie L.* at ¶ 5, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. This Court need not determine whether those circumstances exist, however, because Mr. Ward has not presented this Court with a plain error argument. *Katie L.* at ¶ 5. This Court will not analyze plain error when the

appellant fails to do so.  *Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009121, 2008-Ohio-1320, ¶ 8.

{¶11}  Mr. Ward's sixth assignment of error is overruled.

III.

{¶12}  With respect to the denial of Mr. Ward's motion to vacate, addressed in his first, second, third, fourth, and fifth assignments of error, the trial court's November 1, 2017, order is not final and appealable.  C.A. No. 28877 is, therefore, dismissed for lack of jurisdiction.

{¶13}  Mr. Ward's sixth assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed only with respect to C.A. 28910.

Appeal dismissed in C.A. 28877.
Judgment affirmed in C.A. 28910.

———

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


_____
LYNNE S. CALLAHAN
FOR THE COURT


CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

FRANK J. CIMINO, Attorney at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.