[Cite as *Ward v. Kiernan*, 2019-Ohio-2306.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JONATHAN WARD | C.A. No.   29186 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELISSA KIERNAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.   2016-09-2667 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2019

CARR, Presiding Judge.

{¶1}   Appellant Jonathan Ward ("Husband") has attempted to appeal the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court dismisses the appeal.

I.

{¶2}   Husband and Appellee Melissa Kiernan ("Wife") were married June 26, 1998. Four children were born of the marriage. In September 2016, Wife filed a complaint for divorce. Husband answered and also counterclaimed for divorce.

{¶3}   Ultimately, the matter proceeded to a final hearing before the trial judge. At the time of the final hearing, Husband's counsel was allowed to withdraw. Husband declined the trial court's offer to continue the matter, and, instead, proceeded pro se.

**{¶4}** In August 2018, the trial court entered a decree of divorce designating Wife as the primary residential parent of the minor children and awarding Wife spousal and child support. Husband has attempted to appeal, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS DIVISION OF PROPERTY ORDER[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT TO WIFE WHEN IT IMPUTED INCOME OF $200,000 TO HUSBAND[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ITS AWARD OF CHILD SUPPORT WHEN IT IMPUTED INCOME OF $200,000 TO THE HUSBAND AS OBLIGOR[.]

**{¶5}** Husband has raised three assignments of error for our review. However, because we determine that we lack jurisdiction over the matter, we cannot reach the merits of these arguments.

**{¶6}** "This Court is obligated to raise matters related to our jurisdiction sua sponte." *Schmitt v. Ward*, 9th Dist. Summit Nos. 28877, 28910, 2018-Ohio-4401, ¶ 4, citing *The Whitaker-Merrell Co. v. Carl M. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "This Court has jurisdiction to hear appeals only from final appealable orders. In the absence of a final appealable order, this Court must dismiss the appeal." (Internal citations omitted.) *Schmitt* at ¶ 4.

**{¶7}** "Civil Rule 75(F)(1) * * * provides that '[f]or purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce * * * unless * * * [t]he judgment also divides the property of the parties * * *.'" *Wallace v. Wallace,* 9th Dist. Lorain No. 15CA010736, 2016-Ohio-630, ¶ 3, quoting Civ.R. 75(F)(1). "The Court has held that a divorce

decree that leaves issues unresolved is not a final order." *Wallace* at ¶ 3. "In particular, the trial court must dispose of all property of the parties." (Internal quotations and citation omitted.) *Id.*

{¶8} Here, at the final hearing, both parties testified and numerous exhibits were admitted as evidence. Upon review of the evidence presented at the final hearing, it is clear that the trial court's judgment entry fails to dispose of all of the property of the parties. *See id.* at ¶ 3, 5. While this Court will detail the property that it believes was omitted from the entry, to ensure that the next judgment entry is final and appealable, the parties and trial court are encouraged to closely examine the evidence admitted at the final hearing to ensure all of the property is accounted for.

{¶9} First, the trial court noted in its judgment entry that Husband received a personal injury settlement; however, the trial court did not further address it in the entry. At the hearing, Wife offered Husband's affidavit of property as evidence. That exhibit was admitted and contains several items that were not disposed of by the trial court. That affidavit lists three additional vehicles (a 1990 Ford, a 2003 Chevy, and a 1995 Dodge) that are not discussed in the judgment entry. At trial, Husband testified to having multiple vehicles, including a 2006 Isuzu which is not listed on the affidavit of property or discussed in the entry. And while the trial court ordered that Husband was entitled to the bank accounts in his name and Wife was entitled to the bank accounts in her name, Husband's affidavit of property lists bank accounts that were titled in both parties' names. It does not appear that these accounts were addressed in the decree. Wife also submitted a document labeled "Summary of Lifestyle During Marriage[.]" That document includes several items of personal property that are not discussed in the decree including four canoes, dogs, a large collection of jewelry, at least one piece which was worth $20,000, lingerie,

shoes, and purses. Wife also testified at trial about some of these items, including that some of the lingerie was valued at $2,000.

{¶10} Given the foregoing, we conclude that we lack jurisdiction over this attempted appeal. Notwithstanding, in the interests of judicial economy, we will briefly address some other issues that came to our attention while reviewing the matter for purposes of finality; issues that should be taken into consideration upon remand. R.C. 3105.171 outlines a trial court's responsibilities in the division of property. R.C. 3105.171(B) states that "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." Contrary to the foregoing, the trial court did not designate all of the property as martial or separate. Nor did it value all substantial items of property. *See Zona v. Zona,* 9th Dist. Medina No. 05CA0007-M, 2005-Ohio-5194, ¶ 5 ("Although the trial court cannot be expected to value every piece of furniture, lawn equipment, and other personal property accumulated during a marriage[,] it is expected to place a value on the major assets owned by the parties.") (Internal quotations and citations omitted.). Finally, the trial court "incorporate[d] as its findings of fact [Wife's] testimony[,]" which it attached to the judgment entry. When findings of fact are necessary, we conclude that incorporating and appending a portion of the final hearing testimony is not an appropriate substitute.

III.

{¶11} As this Court lacks jurisdiction over this attempted appeal, it is dismissed.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CORINNE HOOVER SIX, Attorney at Law, for Appellant.

RANDAL A. LOWRY and ADAM MORRIS, Attorneys at Law, for Appellee.