[Cite as *Cusack v. Cusack*, 2022-Ohio-2248.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| KEVIN CUSACK | C.A. No.    21CA011774 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DEBRA CUSACK | COURT OF COMMON PLEAS |
| | COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.    16 LS 081963 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

HENSAL, Judge.

{¶1}    Kevin Cusack has attempted to appeal a judgment entry of divorce of the Lorain County Court of Common Pleas, Domestic Relations Division.  For the following reasons, this Court dismisses the appeal.

I.

{¶2}    The parties are husband and wife who were married for over 31 years.  They have one adult child.  Husband was the primary financial supporter during the marriage and Wife is unable to work because of a medical condition.  At the time of the divorce, Husband was working for a large company where his salary was $275,000 with the possibility that he might receive additional salary bonuses, stock grants, or stock options.

{¶3}    Following the divorce hearing, the trial court found that Husband had multiple 401K retirement accounts from his current and past employers, investment accounts with UBS and

Fidelity, stock of a former employer, and cash. It also found that he had 1538 shares of his current employer's stock. The court did not find that any of those assets were Husband's separate property.

{¶4} The trial court ordered Husband's retirement assets equally divided through a qualified domestic relations order, except for part of one of the 401ks, which Husband was awarded as an offset for some real estate equity that Wife received. The court also granted Husband the UBS and Fidelity investment accounts as an offset against the real estate. The court awarded Wife half of the shares from Husband's former employer. The court did not indicate how Husband's 1538 shares from his current employer should be divided.

{¶5} Regarding spousal support, the court ordered Husband to pay Wife $9,000 per month. It also wrote that, "at such time as Husband receives bonuses and/or equity grants and such are available and able to be disbursed, [Husband] shall distribute one half to [Wife]." Because of Wife's medical condition and potentially changing medical needs, the court retained jurisdiction over the issue of spousal support. Husband has appealed the trial court's division of property and its award of spousal support, assigning three errors.

II.

ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING AN EQUAL DIVISION OF STOCK OPTIONS ACQUIRED DURING THE MARRIAGE BUT FAILED TO ADDRESS THE VALUE OF THE OPTIONS AND THE MECHANICS FOR DETERMINING THE DIVISION.

{¶6} In his first assignment of error, Husband argues that the trial court abused its discretion when it ordered him to distribute one half of the equity grants and stock options he receives from his employer to Wife. Before this Court may reach that issue, however, it must determine whether the trial court's judgment entry is properly before this Court. "This Court is

obligated to raise matters related to our jurisdiction sua sponte." *Schmitt v. Ward*, 9th Dist. Summit Nos. 28877, 28910, 2018-Ohio-4401, ¶ 4, citing *The Whitaker-Merrell Co. v. Carl M. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "This Court has jurisdiction to hear appeals only from final appealable orders. In the absence of a final appealable order, this Court must dismiss the appeal." (Internal citations omitted.) *Schmitt* at ¶ 4.

{¶7} "Civil Rule 75(F)(1) * * * provides that '[f]or purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce * * * unless * * * [t]he judgment also divides the property of the parties * * *.'" *Wallace v. Wallace*, 9th Dist. Lorain No. 15CA010736, 2016-Ohio-630, ¶ 3, quoting Civ.R. 75(F)(1). "[A] divorce decree that leaves issues unresolved is not a final order." *Wallace* at ¶ 3. "In particular, the trial court must dispose of all property of the parties." *Id.*, quoting *Salmon v. Salmon*, 9th Dist. Summit No. 23998, 2008-Ohio-2313, ¶ 6. "'[M]arital property' includes '[a]ll real and personal property that currently is owned by either or both of the spouses" and "[a]ll interest that either or both of the spouses currently has in any real or personal property, *including, but not limited to, the retirement benefits of the spouses*, and that was acquired by either or both of the spouses during the marriage.'" (Emphasis in original.) *Daniel v. Daniel*, 139 Ohio St.3d 275, 2014-Ohio-1161, ¶ 8, quoting R.C. 3105.171(A)(3)(a)(i) and (ii).

{¶8} Wife asked Husband during the hearing about a document he had received when he began working for his current employer. According to the document, as a hiring bonus, Husband would receive $65,000 worth of shares of the company's stock and an additional $65,000 in unvested shares. Husband testified that he did not actually receive everything that the document indicated. According to him, because he began working for the company halfway through the year, it only gave him the unvested stock shares. Husband did not present any documents from the company or a broker that detailed his current employer stock holdings. Instead, he created his

4

own summary of his stock holdings, which indicated that he owned 1538 shares of the company's stock and that they had a value of $78,669. Husband's document does not state whether the shares are vested or unvested.

{¶9} In its judgment entry, the trial court found that Husband's assets included 1538 shares of his current company's stock with a value of $78,669. It did not make a finding regarding vesting. In the part of the entry addressing retirement assets, brokerage accounts, and insurance policies, the trial court divided Husband's retirement plans, the accounts he had with UBS and Fidelity, and the stock Husband had received from a former employer. It did not indicate, however, how the company stock he had received from his current employer should be divided.

{¶10} It is immaterial whether Husband's current company stock is vested or unvested because the Ohio Supreme Court explained in *Daniel* that both kinds of assets are marital property. *Id*. at ¶ 9. Although the Supreme Court acknowledged that it may be difficult to determine the value of unvested benefits, that does not mean that they have no value. *Id*. at ¶ 10. In this case, there appears to have been no dispute about the quantity and value of Husband's current employer stock holdings, and the trial court made a specific finding about their value, which Husband has not challenged on appeal. Nevertheless, the trial court did not dispose of the shares when dividing the marital property in accordance with Section 3105.171(B).

{¶11} Husband appears to argue that the shares he received when he began working for his current employer are stock options and that the trial court addressed them in the spousal support section of its judgment entry. A review of the record, however, reveals that Husband had no stock options from his current employer at the time of the divorce. According to the document Husband received when he was hired, as a new hire he would receive a quantity of company stock, some vested and some unvested. The document also explained that, as part of Husband's compensation

package, he could, at the discretion of the company, receive cash bonuses, unvested company stock, or stock options in addition to his base salary. Husband did not present any documents or testimony that alleged, let alone establish, he had received any stock options by the time of the divorce hearing.

{¶12} The judgment entry contains a paragraph that indicates that, "at such time as Husband receives bonuses and/or equity grants and such are available and able to be disbursed, [Husband] shall distribute one-half to [Wife]." The plain language of that paragraph concerns future equity awards that Husband might receive on top of his annual base salary. It does not divide the 1538 shares that he already possessed at the time of the divorce.

{¶13} Accordingly, upon review of the record, we conclude that the trial court's judgment entry does not comply with Civil Rule 75(F)(1) because it does not divide all the parties' property. *Wallace*, 2016-Ohio-630, at ¶ 6. The judgment entry, therefore, is not final and appealable, and Husband's appeal must be dismissed for lack of jurisdiction. *Id*.

### III.

{¶14} The judgment entry of the Lorain County Court of Common Pleas, Domestic Relations Division, is not final and appealable because it does not divide all the parties' marital property. This Court, therefore, lacks jurisdiction over the appeal. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

SAM R. BRADLEY, Attorney at Law, for Appellant.

L. RAY JONES, Attorney at Law, for Appellee.