[Cite as *Souare v. Guzzo*, 2025-Ohio-5491.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ELHADJ ALPHA MAHMOUD SOUARE

    Appellant

    v.

DIANA R. GUZZO

    Appellee

C.A. No.    31505

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    23 CVI 06670

DECISION AND JOURNAL ENTRY

Dated: December 10, 2025

STEVENSON, Judge.

**{¶1}** Appellant Elhadj Souare appeals from the judgment of the Akron Municipal Court denying his motion for reconsideration and motion for new trial. For the reasons set forth below, this Court affirms.

I.

**{¶2}** Mr. Souare filed a pro se complaint against Appellee Diane Guzzo in the Akron Municipal Court in October 2023. He alleged that he had hired Ms. Guzzo to help him in a custody case, that she did not "do[] the job as [he] wanted," and that he had sustained monetary damages as a result. Ms. Guzzo denied the allegations and the matter proceeded in the trial court.

**{¶3}** The trial court issued a journal entry on March 20, 2024, granting the motion for directed verdict made by Ms. Guzzo and entering judgment in her favor. The record does not include transcripts of any of the proceedings that were held before the trial court, including any proceedings that may have gone forward in March 2024.

{¶4}    Mr. Souare attempted to appeal the trial court's March 20, 2024, journal entry in *Souare v. Guzzo*, 9th District C.A. No. 31105.  Mr. Souare's attempted appeal was untimely and was dismissed in July 2024 on that basis.

{¶5}    Mr. Souare filed a pro se motion for reconsideration and a pro se motion for new trial with the trial court in May 2025. The trial court denied Mr. Souare's motions.  Mr. Souare appeals, asserting four assignments of error for our review. Mr. Souare also seeks to supplement the record pursuant to App.R. 9.

II.

**Motion to Supplement Record Pursuant to App.R. 9(E)**
**Motions to Compel Transmission of Supplemental Record Pursuant to**
**App.R. 9([E])**

{¶6}    Mr. Souare's initial motions to supplement the record were denied by this Court's magistrate on September 24, 2025.  Mr. Souare has not asked this Court to set aside those orders pursuant to Civ.R. 53. Rather, he again filed a motion to supplement record and two motions to compel transmission of supplemental record pursuant to App.R. 9(E).  Mr. Souare moves this Court to supplement the record and direct the transmission of: (1) email correspondences from Ms. Guzzo; (2) billing statements from Ms. Guzzo; (3) documentation of Ms. Guzzo's withdrawal; (4) "the transcript of video/audio the judge left the room[;]" and (5) "[r]elated trial-level communications regarding emergency hearings, GAL matters, and the billing dispute."

{¶7}    Upon review, Mr. Souare's motions are denied. Pursuant to App.R. 9, all proceedings must be presented to the appellate court in transcribed form or as a statement under App.R. 9(C) or (D). Under App.R. 9(E), a court of appeals may supplement the record "if anything material to either party is omitted from the record by error or accident or is misstated  . . . ."  An appellate court is prohibited from allowing anything to be added to the record that was not part of

the trial court's proceedings and using the added matter to decide the appeal. *State v. Hill*, 90 Ohio St.3d 571, 572 (2001).

{¶8}   Mr. Souare has not demonstrated that the matter to be supplemented was part of the trial court proceedings at issue in this appeal. The requested documentation, therefore, cannot be added to the record by this Court. Mr. Souare's motion to supplement record pursuant to App.R. 9(E) and motions to compel transmission of supplemental record pursuant to App.R. 9([E]) are denied.

**Arguments on Appeal**

**ASSIGNMENT OF ERROR NO.1:**

**Due Process Violation[.]**

**ASSIGNMENT OF ERROR NO. 2:**

**JUDICIAL MISCONDUCT[.]**

**ASSIGNMENT OF ERROR NO. 3:**

**ERRONEOUS FINDING OF DEBT[.]**

**ASSIGNMENT OF ERROR NO. 4:**

**EQUAL PROTECTION VIOLATION[.]**

{¶9}   Mr. Souare argues in his assignments of error that the trial court violated his due process and equal protection rights. He also argues that the trial judge engaged in judicial misconduct and made an erroneous finding of debt. We will address Mr. Souare's assignments of error together for ease of review.

**Pro Se Litigants**

{¶10}  Mr. Souare is a pro se litigant. This Court has repeatedly noted that:

pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as

opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

(Citations omitted.) *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.); *First Communications, L.L.C. v. Helms*, 2016-Ohio-7586, ¶ 6 (9th Dist.); *In re: Guardianship of P.S.*, 2024-Ohio-1310, ¶ 6 (9th Dist.).

### Motion for Reconsideration

{¶11} Mr. Souare has appealed the trial court's May 7, 2025, judgment entry denying his motion for reconsideration and motion for new trial. Ohio Const., art. IV, § 3(B)(2) limits this Court's appellate jurisdiction to the review of judgments and final orders of lower courts. An order that grants or denies a motion for reconsideration of a final judgment is not a final order that affects a substantial right. *Schmitt v. Ward*, 2018-Ohio-4401, ¶ 5 (9th Dist.). Rather, such a motion is a nullity, as are "all judgments or final orders from said motion." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981); *Schmitt* at ¶ 5.

{¶12} The plaintiff in *Pitts* moved the trial court to reconsider its final judgment granting a motion to dismiss. *Pitts* at 378. The Ohio Supreme Court later addressed the "application of the motion for reconsideration in the trial court, which was filed after a final judgment." *Id.* at 379. The Court noted that a motion for reconsideration is "conspicuously absent" from the Rules of Civil Procedure and it held that a motion for reconsideration after a final order "will not lie and all judgments or final orders from said motion are a nullity." *Id.* at 380, 381. This Court has consistently followed *Pitts* and has recognized that a motion for reconsideration is a nullity. *Schmitt* at ¶ 5; *Gerhart v. Admin., Bur. of Employ. Servs.*, 1985 WL 10672, *1 (9th Dist. April 10, 1985); *Allstate Ins. Co. v. Witta*, 2011-Ohio-6068, ¶ 8 (9th Dist.). Because the trial court's May 7,

2025, judgment entry denied reconsideration of a final order, it is a nullity that fails to affect a substantial right and does not grant this Court jurisdiction to hear an appeal from the ruling on his motion for reconsideration. Mr. Souare's appeal is thus limited to the trial court's ruling on his motion for new trial.

## **Motion for New Trial**

{¶13} The arguments raised in Mr. Souare's assignments of error do not comply with the required appellate rules. App.R. 16(A)(7) provides, in relevant part, that the appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Mr. Souare's arguments, presented under each assignment of error, consist of a single sentence or paragraph. Mr. Souare does not cite any specific portion of the record in support of any of his assignments of error.

{¶14} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *King v. Divoky*, 2021-Ohio-1712, ¶ 13 (9th Dist.), quoting *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.); *In re: Guardianship of P.S.*, 2024-Ohio-1310, at ¶ 8 (9th Dist.). "Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists." *King* at ¶ 13, citing *Cardone v. Cardone*, 1998 WL 224934, *8 (May 6, 1998). Mr. Souare has failed to develop an argument and support his position.

{¶15} Mr. Souare has not demonstrated error on appeal regarding the trial court's judgment denying his motion for new trial. His assignments of error are, accordingly, overruled.

III.

{¶16} For the reasons stated above, Mr. Souare's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ELHADJ ALPHA MAHMOUD SOUARE, pro se, Appellant.

LAWRENCE LOUIS DELINO, JR., Attorney at Law, for Appellee.