**[Cite as *Muka v. Muka*, 2026-Ohio-1137.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| IDA MUKA | C.A. No.  30585 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELIAS MUKA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  DR 2021-02-0437 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

CARR, Judge.

{¶1}    Defendant-Appellant Elias Muka ("Husband") appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court dismisses the attempted appeal.

I.

{¶2}    Husband and Plaintiff-Appellee Ida Muka ("Wife") were married in Albania in 2010.  Two children, who were still minors at the time of the divorce, were born of the marriage.  Wife filed a complaint for divorce in February 2021, and Husband filed an answer in March 2021.

{¶3}    Temporary orders were issued in April 2021.  Inter alia, the parties were ordered to take a draw of $1500 a month from the business they owned together.  That business, which was the parties' main source of income, was a wine distribution business, IL Dolce, LLC dba Borghese Wines ("the Business").  Around the time of the divorce, Husband denied Wife access to any business accounts, making it impossible for Wife to take the $1500 draw herself.

{¶4} In July 2021, Wife filed a motion seeking to hold Husband in contempt for failing to allow Wife to receive the payment from the Business that was authorized by the temporary orders. Wife also sought to recover attorney fees.

{¶5} In September 2021, Wife moved for a professional appraisal of the Business to be paid for either by Husband or the Business. Instead, the trial court ordered Mark Bober to conduct an income analysis of Husband. The trial court ordered both parties to fully cooperate with Mr. Bober. Also, that month, an agreed entry was filed whereby the parties agreed to refrain from using a private detective to monitor the other party or from using recording devices.

{¶6} In January 2022, Wife filed another motion for contempt. Wife asserted that, in order to temporarily resolve the issue of Husband failing to pay Wife her monthly draw from the Business, Husband agreed to pay the mortgage on the marital residence, which Wife had been required to pay under the temporary orders. However, the marital residence was sold in November 2021, and Husband allegedly failed subsequently to provide her with the $1500 per month she was authorized to draw from the business. Further, Wife alleged that Husband had cameras in the marital residence in violation of the September 2021 agreed entry. Wife requested that she be awarded her attorney fees incurred in bringing the motion.

{¶7} In March 2022, Wife filed a motion to compel complete discovery responses and also requested attorney fees pursuant to Civ.R. 37. Wife also filed a motion for Husband to produce documents needed for Mr. Bober's income analysis. Both motions were granted.

{¶8} In August 2022, Wife filed a motion for a distributive award and/or other compensation pursuant to R.C. 3105.171(E)(4)-(5). Wife argued that Husband engaged in financial misconduct by (1) dissipating funds from the Business accounts in excess of what was authorized under the temporary orders; (2) fraudulently concealing income from the Business by

grossly underrepresenting his income for purposes of calculating temporary spousal and child support; and (3) failing to disclose and provide complete responses to discovery.

{¶9} The matter proceeded to a final hearing that took place over several days. Both parties filed post-trial briefs. In Wife's brief, she argued that she was entitled to an award of attorney fees under R.C. 2323.51 and 3105.73.

{¶10} In December 2022, the trial court issued a divorce decree. The trial court did not determine a value for the Business, award it to either party, or consider its value in distributing the parties' property. The trial court awarded all of the funds from the sale of the marital home to Wife; approximately half of the amount represented a distributive award to Wife due to Husband's financial misconduct. The trial court also ordered Husband to pay Wife $7,080.00 for the payments Husband did not make pursuant to the temporary orders. The trial court found Husband in contempt for failing to pay Wife the $1500 per month draw from the Business and for placing hidden cameras in the marital home in violation of the September 2021 agreed entry. However, the entry does not specify any sanction for the instances of contempt. The trial court awarded Wife $38,918.56 in attorney fees; $23,755.00 was awarded pursuant to R.C. 3105.73, and the remainder was awarded pursuant to R.C. 2323.51. The trial court found Husband's income to be $137,042 and awarded Wife $1,313.00 per month in spousal support for 50 months.

{¶11} Husband filed a motion for new trial and then filed a notice of appeal. This Court remanded the matter for the trial court to address the motion for new trial. The trial court denied Husband's motion.

{¶12} Husband has raised four assignments of error for our review. Wife has not filed a brief in this matter. *See* App.R. 18(C).

{¶13} Upon review of the record, this Court discovered the trial court's failure to value the Business or consider it in its property division and requested that the parties brief the issue. *See State v. Tate*, 2014-Ohio-3667, ¶ 21. Wife failed to respond to the order.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ISSUING A DIVISION OF PROPERTY BETWEEN THE PARTIES, A DISTRIBUTIVE AWARD TO [WIFE], AND FINDING [HUSBAND] ENGAGED IN FINANCIAL MISCONDUCT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING [HUSBAND] ENGAGED IN FRIVOLOUS CONDUCT AND AWARDING [WIFE] HER ATTORNEY FEES.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CALCULATING [HUSBAND'S] INCOME FOR SUPPORT PURPOSES.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FINDING [HUSBAND] IN CONTEMPT WHILE CONCURRENTLY FAILING TO FIND [WIFE] IN CONTEMPT OF THE TRIAL COURT'S MUTUAL RESTRAINING ORDERS.

{¶14} We do not reach the merits of Husband's assignments of error, as we conclude that the judgment entry appealed from is not final and appealable.

{¶15} "This Court is obligated to raise matters related to our jurisdiction sua sponte." *Cusack v. Cusack,* 2022-Ohio-2248, ¶ 6 (9th Dist.), quoting *Schmitt v. Ward*, 2018-Ohio-4401, ¶ 4 (9th Dist.), citing *Whitaker-Merrell Co. v. Carl M. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "This Court has jurisdiction to hear appeals only from final appealable orders. In the

absence of a final appealable order, this Court must dismiss the appeal." *Cusack* at ¶ 6, quoting *Schmitt* at ¶ 4.

{¶16} "In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). "For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless . . . [t]he judgment also divides the property of the parties . . . ." Civ.R. 75(F)(1). "[A] divorce decree that leaves issues unresolved is not a final order." *Wallace v. Wallace*, 2016-Ohio-630, ¶ 3 (9th Dist.).

{¶17} Here, not only did the trial court fail to value the Business, it also did not consider it in the property division. While Husband maintained in his response to this Court's order that the trial court awarded him the Business, this Court disagrees. While the trial court did award Husband banking accounts and debts associated with the Business, the trial court did not award the Business itself to either party.

{¶18} Therefore, we conclude that the decree fails to comport with Civ.R. 75(F)(1) as it does not divide all of the parties' property. *Wallace* at ¶ 6. Thus, the trial court's judgment is not final and appealable, and Husband's assignments of error are not properly before us at this juncture.

III.

{¶19} This Court lacks jurisdiction over the attempted appeal. The attempted appeal is dismissed.

Appeal dismissed.

––––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KELLEY R. TAURING, Attorney at Law, for Appellant.

IDA MUKA, pro se, Appellee.